UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:21-cv-20578-JLK

MIDIALA NORIEGA,

    Plaintiff,

v.

SCOTTSDALE INSURANCE COMPANY,

    Defendant.

_____/

## ORDER DENYING PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES

THIS MATTER is before the Court on Plaintiff's Motion to Strike Defendant's Affirmative Defenses (the "Motion") (DE 10) on March 16, 2021. Defendant filed its Response (DE 15) on March 24, 2021. Plaintiff's Reply was due March 31, 2021; none was filed.

**I.    LEGAL STANDARD**

Affirmative defenses are subject to the general pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Rule 8 requires that a party "state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(b)(1)(A). Rule 8 does not require a defendant to set forth detailed factual allegations, but a defendant must give the plaintiff "fair notice" of the nature of the defense and the grounds upon which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 553 (2007).

Moreover, "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" may be stricken from any pleading. Fed. R. Civ. P. 12(f). However, motions to strike are disfavored by the courts, and an affirmative defense will be stricken only if it is

insufficient as a matter of law. *See Anchor Hocking Corp. v. Jacksonville Elec. Auth.*, 419 F. Supp. 992, 1000 (M.D. Fla. 1976); *Thompson v. Kindred Nursing Ctrs. E., LLC*, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002). "A defense is insufficient as a matter of law if, on the face of the pleadings, it is patently frivolous, or if it is clearly invalid as a matter of law." *Anchor Hocking*, 419 F. Supp. at 1000. An affirmative defense admits to the allegations of the complaint, but avoids liability in whole or in part by introducing new allegations of excuse, justification, or other negating matters. *Royal Palm Sav. Ass'n v. Pine Trace Corp.*, 715 F. Supp. 1416, 1420 (M.D. Fla. 1989).

## II.   DISCUSSION

By way of background, Plaintiff filed a Complaint alleging a breach of contract claim and requesting declaratory relief. *See* Compl., DE 1-1. Defendant removed the case to this Court on February 11, 2021. *See* Not. of Removal, DE 1. Defendant filed an Answer on February 18, 2021. Defendant's Answer includes eight (8) affirmative defenses. *See* Answer, DE 3.

The instant Motion seeks to strike all eight of the Defendant's affirmative defenses. *See* Mot. Plaintiff states the affirmative defenses are "unequivocally immaterial and impertinent because they contain no essential or important relationship to the claim for relief pleaded, and do not pertain nor are they necessary to the issues in question in the case." Mot. at ¶ 8. The Motion provides additional, specific arguments for striking each of the eight affirmative defenses. *See* Mot. at ¶¶ 9–16.

Defendant argues that Plaintiff failed to confer with Defendant prior to filing the Motion in violation of Local Rules. *See* Resp. at 3–4. Defendant further argues each affirmative defense includes a factual basis and are enough to place Plaintiff on notice. *See* Resp. at 4.

Upon consideration of the Motion, Response, the pleadings, and the applicable standard of law, the Court finds the Motion should be denied. Insofar as Plaintiff's Motion argues that the affirmative defenses lack factual support, the Motion is premature until completion of discovery.

Accordingly, it is **ORDERED**, **ADJUDGED**, and **DECREED** that

1. Plaintiffs' Motion to Strike Affirmative Defenses **(DE 10)** be, and the same is, hereby **DENIED**.

2. Plaintiff's original Motion to Strike Affirmative Defenses **(DE 5)**, and the same is, hereby **DENIED as moot**.

**DONE AND ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida this 15th day of April, 2021.

                                                   */s/ James Lawrence King*
                                                   JAMES LAWRENCE KING
                                                   UNITED STATES DISTRICT JUDGE

**cc:**     **All counsel of record**